UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WALLER,<br><br>              Plaintiff,<br><br>     v.<br><br>TESLA, INC., et al.,<br><br>              Defendants. | Case No.  26-cv-05350-RFL<br><br>**ORDER DENYING MOTION TO STAY WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 24 |

In August 2025, the undersigned issued a class certification order *In re Tesla Advanced Driver Assistance Systems Litigation*.  *See* Case No. 22-cv-05240-RFL, Dkt. No. 157 (N.D. Cal. Aug. 18, 2025).  An appeal of that decision is pending in the Ninth Circuit.  Over nine months after that decision issued, Plaintiff commenced the instant putative class action, which involves similar factual allegations but carves out the California classes certified in *In re Tesla*.  Tesla now moves to stay this action pending resolution of the Ninth Circuit appeal in *In re Tesla*.  The motion is **DENIED**.

Tesla implicitly requests a stay under the first-to-file rule, as the only legal authority cited in its motion applies that rule.  *See Weinstein v. Metlife, Inc.*, No. 06-cv-04444-SI, 2006 WL 3201045, at *3-4 (N.D. Cal. Nov. 6, 2006).  The rule, however, does not apply here because both *In re Tesla* and the instant action are pending before the undersigned.  *See, e.g., Sheehy v. Santa Clara Valley Transp. Auth.*, No. 14-cv-01325-PSG, 2014 WL 2526968, at *2-3 (N.D. Cal. June 4, 2014); *Lantiq N. Am., Inc. v. Ralink Tech. Corp.*, No. 11-cv-00234-EJD, 2011 WL 2600747, at *9 (N.D. Cal. June 30, 2011).  In any event, the rule "is intended to []serve[] the purpose of promoting efficiency" (*Kohn L. Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015) (citation omitted)), and the more efficient approach here would be to allow the

1

instant action to proceed.  This action is in its early stages, and no case schedule has been set, so it is likely that the parties will have the benefit of the Ninth Circuit's decision in *In re Tesla* by the time this action reaches the class certification stage.  No efficiency is to be gained, therefore, by staying this action now.  If the Ninth Circuit has still not issued a decision within 45 days of the eventual deadline for Plaintiff to file a motion for class certification in this action, Tesla may renew its stay request.

**IT IS SO ORDERED.**

Dated: June 30, 2026

RITA F. LIN
United States District Judge

2